**Raymond SMITH, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden, Respondent–Appellee.**

No. 01–6548.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

Raymond Smith, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Smith of conspiracy with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841, attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841, and use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Smith was sentenced to a total of 195 months of imprisonment. On appeal, a panel of this Court affirmed Smith's convictions and sentence. *United States v. Smith,* No. 96–1885, 1998 WL 385471 (6th Cir. June 29, 1998). Thereafter, Smith filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the district court denied as without merit in March 2001. This Court denied Smith a certificate of appealability. *Smith v. United States,* Case No. 01–1811 (6th Cir. Dec. 11, 2001). It is also noted that this Court has denied Smith permission to file a second or successive § 2255 motion. *In re: Smith,* No. 01–2035 (6th Cir. Feb. 6, 2002).

In August 2001, Smith filed a § 2241 habeas corpus petition, essentially arguing that his sentence is illegal in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court dismissed the petition because *Apprendi* is not retroactively applicable in this case.

Smith has filed a timely appeal, essentially reasserting his *Apprendi* claim. He also moves this Court for permission to proceed in forma pauperis on appeal.

Upon review, we conclude that the district court properly dismissed Smith's

§ 2241 petition. This Court reviews de novo a district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). It is the petitioner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756. However, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner was denied relief under § 2255, because the petitioner has allowed the one-year statute of limitations to expire, or because the petitioner was denied permission to file a second or successive motion to vacate. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Smith has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. Smith has neither asserted that he is actually innocent of his crimes nor has he cited to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Smith argued that his sentence is illegal, in light of *Apprendi,* because his indictment did not specify the quantity of drugs involved and because the court determined the amount of drugs by a "preponderance of the evidence." However, *Apprendi* is not applicable in this case because the Supreme Court has not explicitly held that its decision is retroactive to cases on collateral review. *In re: Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001). Moreover, several circuits have held that *Apprendi* is not retroactively applicable to initial § 2255 motions. *See McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001), *cert denied,* —— U.S. ——, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002); *United States v. Moss,* 252 F.3d 993, 997 (8th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders,* 247 F.3d 139, 146 (4th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001).

Accordingly, we grant Smith pauper status for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.