UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald Peter LIQUORI, Sr., aka
Dirt, Defendant–Appellant.

No. 91–50844.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1993.

Submission Vacated May 26, 1993.

Resubmitted Aug. 3, 1993.

Decided Sept. 23, 1993.

---

**436**

Douglas C. Brown, San Diego, CA, for defendant-appellant.

Laura J. Birkmeyer, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: BEEZER, BRUNETTI, and THOMPSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Ronald Liquori Sr. ("Liquori") was convicted of conspiracy to manufacture and possess methamphetamine with intent to distribute and of manufacture and attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1] The district court found that Liquori had two prior convictions for felony drug offenses and sentenced him to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). Liquori appeals his sentence. We affirm.

I

Liquori argues that his prior felony drug convictions should be treated as a single conviction for purposes of sentence enhancement under section 841(b)(1)(A), in light of the fact that the offenses were part of a single criminal scheme, concurrent sentences were imposed on the same day, and the cases were consolidated for appeal. The district court rejected Liquori's arguments finding that the two prior convictions were "based on totally discrete and distinct transactions." We review the trial court's application of a sentencing statute de novo. *United States v. Maxey*, 989 F.2d 303, 305 (9th Cir.1993).

The government relied on two previous state felony drug convictions to establish Li-

quori's eligibility for sentence enhancement under section 841(b)(1)(A). The first conviction arose out of Liquori's arrest on April 8, 1982 for dissuading a witness by force and threat of force. While being booked into County Jail on the charges, a plastic bag containing amphetamine was found in Liquori's jacket. On September 16, 1982, Liquori was convicted of two counts of witness intimidation and one count of felony drug possession, following a jury trial. The second drug offense occurred on May 3, 1982 when a police officer found 23.91 grams of methamphetamine in Liquori's car during a routine traffic stop for vehicle equipment violations. Liquori pleaded guilty to felony drug possession on September 21, 1982.

Liquori was sentenced in each case on December 10, 1982. In the first case, Liquori was sentenced to three years in prison for each count of dissuading a witness and a two year concurrent sentence for possession of a controlled substance. In the second case, Liquori received a two year sentence to run concurrently with his sentence in the first case. There was nothing in the judgment that indicated the cases were consolidated for sentencing, but they were consolidated on appeal.

Liquori has no other convictions which would constitute predicate offenses under section 841(b)(1)(A).

II

This circuit has not previously considered what standard it should apply to determine whether prior convictions should be treated as one conviction for purposes of sentencing under section 841(b)(1)(A) which provides in part:

> If any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sen-

---

1. Liquori was also convicted on several other counts stemming from the same drug conspiracy, including aiding and abetting the possession of a listed chemical with intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(d)(1), 802(33) and 802(34)(C); being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a); and being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3).

tenced to a mandatory term of life imprisonment.

21 U.S.C. § 841(b)(1)(A).

The circuits which have addressed the issue are in agreement that prior convictions should only be considered for purposes of enhancement under section 841(b)(1)(A) if they constitute separate criminal episodes rather than a single act of criminality. *See United States v. Blackwood*, 913 F.2d 139, 145 (4th Cir.1990); *United States v. Hughes*, 924 F.2d 1354, 1360–61 (6th Cir.1991); *United States v. Pace*, 981 F.2d 1123, 1131–32 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993).

The Fourth Circuit first adopted this analysis in *United States v. Blackwood*, 913 F.2d at 145. In *Blackwood*, the defendant was arrested for transporting marijuana in his truck. Within two hours of his arrest a search warrant was obtained and more marijuana was found in his motel room. Two separate indictments were issued against the defendant: one for possession in his truck and one for possession in the motel. The two cases were consolidated for trial. Two separate convictions followed (one for each possession charge) and the defendant was sentenced to two concurrent five-year sentences. The Fourth Circuit found that these convictions constituted a single act of criminality, and therefore, one prior conviction for purposes of section 841(b)(1)(A).

The Sixth Circuit agreed with the *Blackwood* court's analysis in *United States v. Hughes*, 924 F.2d at 1360–61. In *Hughes*, the defendant argued that his prior state conviction for possession of cocaine was in connection with his later charge of conspiracy to possess cocaine with intent to distribute and therefore did not constitute a prior conviction for purposes of section 841(b)(1)(A). The Sixth Circuit rejected this argument, finding that the prior state conviction arose from a "separate criminal episode, an offense that was distinct in time." *Id.* at 1361.

The Tenth Circuit has also adopted the Fourth Circuit's analysis. *United States v.*

*Pace*, 981 F.2d at 1131–32. In *Pace*, the defendant was convicted of conspiring to manufacture, possess and distribute marijuana. The defendant was also convicted of five substantive counts of felony drug possession occurring over a six-month period. These possession offenses were alleged as overt acts in support of the conspiracy and were prosecuted in one case. The court held that each of these convictions constituted separate "criminal episodes that occurred at distinct times," and therefore each qualified as separate convictions. *Id.* at 1132.

■ We agree that prior convictions should only be considered for purposes of enhancement under section 841(b)(1)(A) if they constitute separate criminal episodes rather than a single act of criminality. This test is consistent with the analysis we have applied to determine whether a prior conviction should be considered for enhancement under 18 U.S.C. § 924(e).[2] *See e.g., United States v. Antonie*, 953 F.2d 496, 498–99 (9th Cir.1991) (two armed robberies, committed forty minutes apart in different cities and against different victims were two separate and distinct criminal episodes for purposes of sentence enhancement), *cert. denied*, —— U.S. ——, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992).

### III

■ In this case Liquori argues that his two prior state felony drug convictions stemmed from one extended spree or episode of drug use and should therefore be treated as a single conviction. In rejecting this argument, the district court noted that since Liquori had been a drug user for nine years, such a claim would essentially insulate any drug conviction sustained by him during this time from consideration as a prior conviction. As we explained in *United States v. Maxey*:

> An ongoing course of criminal conduct ... may involve many ... criminal episodes, each a discrete occurrence. The fact that all are related, part of a series, or part of a

---

2. 18 U.S.C. § 924(e) provides in part:
   In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious

drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years. 18 U.S.C. § 924(e)(1).

continuous course of criminal dealing, does not necessarily render them a 'single' criminal episode, particularly where the episodes occur over time. To so hold would insulate the very career criminals the statute is designed to reach—those continuously engaged in criminal conduct.

*United States v. Maxey,* 989 F.2d at 307 (applying enhancement provision of 18 U.S.C. § 924(e)).

We agree with the district court that Liquori's prior convictions constitute separate criminal episodes rather than a single act of criminality. While they may both result from a continuous period of drug usage, they were distinct episodes and stem from two separate arrests almost one month apart.

## IV

▪ The fact that Liquori received concurrent sentences, imposed on the same day by the same judge, does not change our conclusion that the two prior felony convictions stemmed from separate criminal episodes. While in some cases the imposition of concurrent sentences may be evidence of the trial court's view that two convictions stem from a single act of criminality, this is not always the case. *See United States v. Chapnick,* 963 F.2d 224, 228 (9th Cir.1992); *United States v. Davis,* 922 F.2d 1385, 1390–91 (9th Cir.1991); *United States v. Smith,* 905 F.2d 1296, 1303 (9th Cir.1990).

Liquori's argument that his two prior convictions should be treated as one for enhancement since concurrent sentences were imposed on the same day draws from the definition of "related cases" used to calculate a defendant's criminal history under the Sentencing Guidelines. Under section 4A1.2(a)(2) of the guidelines, two prior sentences imposed in "related cases" are treated as one sentence for purposes of calculating criminal history points. U.S.S.G. § 4A1.2(a)(2). The commentary to the guidelines defines "related cases" and provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n. 3).

▪ While no formal consolidation order was entered, Liquori's prior convictions could arguably have been treated as "consolidated for sentencing" if he had been sentenced under the guidelines. *See e.g., United States v. Bachiero,* 969 F.2d 733, 734 (9th Cir.1992). However, since Liquori's sentence was imposed according to the statutory minimum required by 21 U.S.C. § 841(b)(1)(A), this guidelines section is not applicable. The issue in this case is the construction of a federal statute, not the computation of a defendant's criminal history under the guidelines. While in some cases the sentencing guidelines may be instructive in interpreting a federal statute, nothing in the guidelines requires us to apply guideline definitions in construing a federal sentencing statute. *See United States v. Lewis,* 991 F.2d 524, 526 (9th Cir.), *as amended,* (June 16, 1993) (rejecting defendant's argument that Guidelines definition of "related cases" should be applied when sentence was imposed according to the statutory minimum required by 18 U.S.C. § 924(e)); *United States v. Maxey,* 989 F.2d at 307–08 (same); *Blackwood* 913 F.2d at 145 n. 4 (rejecting defendant's argument that Guidelines definition of "related cases" should be applied when sentence was imposed according to the statutory minimum required by 21 U.S.C. § 841(b)(1)(A)); U.S.S.G. § 5G1.1. *But see United States v. Becerra,* 992 F.2d 960, 967 n. 2 (9th Cir.1993) (adopting requirement from guidelines that a defendant can only be sentenced for the quantity of drugs that he or she reasonably foresaw would be involved in interpreting sentencing under § 841(b)).

Liquori also raises numerous other issues regarding the validity of his conviction and sentence. These issues have been resolved

in an unpublished memorandum of disposition, filed concurrently with this opinion.

AFFIRMED.