46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nolan McSWAIN, Defendant-Appellant.
 No. 93-50852.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 9, 1995.
Decided: Jan. 25, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nolan McSwain appeals his convictions for possession of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and for conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. PROBABLE CAUSE
 
 4
 We review de novo the district court's decision to deny McSwain's motion to suppress. United States v. Clark, 31 F.3d 831, 834 (9th Cir.), petition for cert. filed (Dec. 5, 1994) (No. 93-30093). Contrary to McSwain's assertion, the context in which McSwain visited the Chino Hills residence shows that the magistrate had a substantial basis for concluding that the supporting affidavit established probable cause. McSwain met two known drug traffickers at the airport and brought them to the Chino Hills residence. He then returned there after visiting a location where other verified drug activity occurred. "Under the totality of the circumstances, there [was] a fair probability that contraband or evidence of a crime" would be found at the Chino Hills location. Id. (citing Illinois v. Gates, 462 U.S. 213 (1983)). The district court thus did not err in denying McSwain's motion to supress the evidence seized at the Chino Hills residence.
 
 II. EXCUSING THE JURORS
 
 5
 The law of the case doctrine "precludes a court from re-examining issues previously decided by the same court," and is applicable to co-defendants convicted in the same trial when the appeal of one co-defendant is decided before another co-defendant's appeal. United States v. Schaff, 948 F.2d 501, 506 (9th Cir. 1991). McSwain and his co-defendant Dennis Lee Curry were jointly tried. On appeal, Curry raised the issue of whether the district court erred by excusing the two jurors. This court decided that the district court did not abuse its discretion in removing the two jurors. United States v. Curry, No. 93-50570, unpublished memorandum disposition (9th Cir. Oct. 18, 1994). Being bound by Curry, we reject McSwain's challenge to the removal of the jurors.
 
 III. THE USE OF ALTERNATES
 
 6
 A. Did Using the Alternates Harm McSwain?
 
 
 7
 McSwain's co-defendant also raised on appeal the issue of whether the court erred in substituting the two alternates for the removed jurors. This court concluded that the district court did err by using the two alternates, because Curry himself did not consent to the use of the alternates. The court went on to hold, however, that the error did not prejudice Curry. See id.
 
 
 8
 McSwain contends that we are not bound by Curry, because in Curry we applied a plain error standard. McSwain argues that the plain error standard is inapplicable to him because McSwain's attorney objected to the use of alternates. A difference in standards of review does not dictate a different result, however. We must still affirm if the error was harmless. United States v. Gonzales-Rincon, 36 F.3d 859, 866 (9th Cir. 1994). In Curry's appeal, we held that Curry had not shown that use of the alternatives caused him prejudice. McSwain has similarly shown no prejudice. The error in employing the alternate jurors was accordingly harmless.
 
 B. Double Jeopardy
 
 9
 McSwain raises the additional argument that he was twice put in jeopardy by the jury substitution. This argument is without merit. Although McSwain is correct that jeopardy attaches when the jury is first sworn, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. United States, 468 U.S. 317, 325 (1984), (citing Justices of Boston Mun. Court v. Lyndon, 466 U.S. 294, 308-310 (1984)); see also United States v. Trigg, 988 F.2d 1008 (9th Cir. 1993) (substituting alternates after jury impaneled does not violate double jeopardy). There has been no double jeopardy.
 
 IV. THE SENTENCE
 
 10
 McSwain concedes that the district court properly sentenced him to life under United States v. Liquori, 5 F.3d 435 (9th Cir. 1993), cert. denied, 114 S.Ct. 738 (1994), but argues that Liquori was wrongly decided. A three judge panel cannot reverse Ninth Circuit precedent. United States v. Garza, 980 F.2d 546, 555 (9th Cir. 1992).[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 McSwain also argued that if we reversed, he could not be retried because to do so would put him twice in jeaopardy. We need not reach this issue. But see United States v. Harmon, 632 F.2d 812, 814 (9th Cir. 1980)