65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nolan MCSWAIN, Defendant-Appellant.
 No. 93-50852.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1995.
Decided July 18, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 AMENDED MEMORANDUM**
 
 
 3
 Nolan McSwain appeals his convictions for possession of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and for conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. PROBABLE CAUSE
 
 4
 We review de novo the district court's decision to deny McSwain's motion to suppress. United States v. Clark, 31 F.3d 831, 834 (9th Cir.), petition for cert. filed (Dec. 5, 1994) (No. 93-30093). Contrary to McSwain's assertion, the context in which McSwain visited the Chino Hills residence shows that the magistrate had a substantial basis for concluding that the supporting affidavit established probable cause. McSwain met two known drug traffickers at the airport and brought them to the Chino Hills residence. He then returned there after visiting a location where other verified drug activity occurred. "Under the totality of the circumstances, there [was] a fair probability that contraband or evidence of a crime" would be found at the Chino Hills location. Id. (citing Illinois v. Gates, 462 U.S. 213 (1983)). The district court thus did not err in denying McSwain's motion to suppress the evidence seized at the Chino Hills residence.
 
 II. EXCUSING THE JURORS
 
 5
 The law of the case doctrine "precludes a court from reexamining issues previously decided by the same court," and is applicable to codefendants convicted in the same trial when the appeal of one codefendant is decided before another codefendant's appeal. United States v. Schaff, 948 F.2d 501, 506 (9th Cir. 1991). McSwain and his codefendant Dennis Lee Curry were jointly tried. On appeal, Curry raised the issue of whether the district court violated his rights to equal protection and an impartial jury by excusing the only black juror. This court decided that the district court did not abuse its discretion in removing the black juror and another juror who had been quarreling with her. We stated that "the district court's decision to remove the two quarreling jurors was based solely on the need to maintain order and civility during the jury's deliberations, and thus did not constitute an abuse of discretion. United States v. Curry, No. 93-50570, unpublished memorandum disposition (9th Cir. Oct. 18, 1994).
 
 
 6
 Insofar as this ruling bears on McSwain's appeal, we regard it as the law of the case and find no reason, such as "manifest injustice," to deviate from it. See Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993). McSwain, however, argues that he raises a different issue regarding removal of the jurors: he contends that the district court abused its discretion and violated Fed. R. Crim. P. 23(b) by removing a juror after deliberations had begun for other than "just cause."
 
 
 7
 We conclude, however, that the district court did not abuse its discretion in concluding implicitly that jurors quarreling over race provided "just cause" for their removal. We must accord wide discretion to the district court in determining when the conduct or attitude of a juror justifies removal. See United States v. Egbuniwe, 969 F.2d 757, 760-61 (9th Cir. 1992). There is no indication that the district court removed either juror because of her posture on the question of guilt or innocence. See Murray v. Laborers Union Local No. 324, Nos. 93-15641, 93-16176, 93-16540, slip op. 5929, 5940-42 (9th Cir. May 31, 1995) (not abuse of discretion to remove juror in absence of knowledge that he was holdout); Cf. United States v. Hernandez, 862 F.2d 17, 20-22 (2d Cir. 1988) (abuse of discretion to excuse juror who was holdout after waiting to see whether jury hung). We conclude that there has been no abuse of discretion in removing the jurors.
 
 III. THE USE OF ALTERNATES
 
 8
 A. Did Using the Alternates Harm McSwain?
 
 
 9
 McSwain's codefendant also raised on appeal the issue of whether the court erred in substituting the two alternates for the removed jurors. This court concluded that the district court did err by using the two alternates, because Curry himself did not consent to the use of the alternates. We went on to hold, however, that the error did not prejudice Curry. See Curry, supra.
 
 
 10
 McSwain contends that we are not bound by Curry, because in Curry we applied a plain error standard. McSwain argues that the plain error standard is inapplicable to him because his attorney objected to the use of alternates. A difference in standards of review does not dictate a different result, however. We must still affirm if the error was harmless. United States v. Gonzales-Rincon, 36 F.3d 859, 866 (9th Cir. 1994). In Curry's appeal, we held that Curry had not shown that use of the alternatives caused him prejudice. In McSwain's case, the government has shown the absence of prejudice beyond a reasonable doubt. The district court instructed the jury to begin deliberations anew, and we presume that the jury followed instructions. See United States v. McFarland, 34 F.3d 1508, 1514 (9th Cir. 1994). The jury deliberated for two and one-half days after the alternates were substituted; McSwain's case certainly received thorough deliberation by the reconstituted jury. This is not a case like United States v. Phillips, 664 F.2d 971, 996 (5th Cir. 1981), where the jury reached a verdict within half an hour after substitution.
 
 
 11
 The statement of the excused juror that she would have continued to vote for acquittal does not defeat the government's showing of harmless error. As we have already pointed out, her removal was not an abuse of discretion because the trial judge did not remove her because of her views on guilt or innocence. Nor is McSwain entitled to a juror who will adhere to a view of innocence regardless of the course of deliberations or her participation in them. Finally, for purposes of substitution of the alternates, the excused juror's position cannot show prejudice because the alternative to replacement is to deliberate with a jury of less than twelve, still without the excused juror. See McFarland, 34 F.3d at 1515. We conclude, therefore, that the error in employing the alternate jurors was harmless.
 
 B. Double Jeopardy
 
 12
 McSwain raises the additional argument that he was twice put in jeopardy by the jury substitution. This argument is without merit. Although McSwain is correct that jeopardy attaches when the jury is first sworn, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. United States, 468 U.S. 317, 325 (1984), (citing Justices of Boston Mun. Court v. Lyndon, 466 U.S. 294, 308-310 (1984)); see also United States v. Trigg, 988 F.2d 1008 (9th Cir. 1993) (substituting alternates after jury impaneled does not violate double jeopardy). There has been no double jeopardy.
 
 IV. THE SENTENCE
 
 13
 McSwain concedes that the district court properly sentenced him to life under Under States v. Liquori, 5 F.3d 435 (9th Cir. 1993), cert. denied, 114 S.Ct. 738 (1994), but argues that Liquori was wrongly decided. A three judge panel cannot reverse Ninth Circuit precedent. United States v. Garza, 980 F.2d 546, 555 (9th Cir. 1992).[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 McSwain also argued that if we reversed, he could not be retried because to do so would put him twice in jeopardy. We need not reach this issue. But see United States v. Harmon, 632 F.2d 812, 814 (9th Cir. 1980)