**Donald PERKINS, Petitioner–Appellant,**

**v.**

**Maryellen THOMS, Warden, Respondent–Appellee.**

* The Honorable James S. Gwin, United States District Judge for the Northern District of

**No. 01–5432.**

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before NORRIS and BATCHELDER, Circuit Judges; GWIN, District Judge.*

Ohio, sitting by designation.

Donald Perkins, a pro se federal prisoner, appeals from a district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Perkins moves for in forma pauperis status on appeal. *See* Fed. R.App. P. 24(a)(5). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Perkins pleaded guilty to a charge of conspiracy to distribute cocaine and marijuana. *See* 21 U.S.C. § 846. He was eventually sentenced to 300 months in prison. On appeal, his conviction was affirmed; he later filed a motion to vacate which was denied. In his present § 2241 petition, Perkins claims that the Supreme Court case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that notification of the amount of drugs involved in a crime must be included in the indictment and decided beyond a reasonable doubt in order to enhance his sentence. He argues that his case must be remanded for him to be resentenced without any enhancements at all. The district court denied the petition, citing *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir.2000).

Perkins can only use a § 2241 petition to attack his conviction if he shows that his claim falls under the "savings clause" contained in § 2255. *See* 28 U.S.C. § 2255, fifth ¶ ("inadequate or ineffective" remedy); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). It is clear that the only such exception this court may choose to recognize must be based on a claim of actual innocence involving a new rule of constitutional law made retroactive by a Supreme Court case, such as the claim involved in the *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), case. *Charles*, 180 F.3d at 757.

The Supreme Court recently held that only a decision by the Supreme Court itself concerning the retroactivity of a new rule of constitutional law will satisfy this requirement. *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). This court subsequently held that the Supreme Court has not made *Apprendi* retroactively applicable to cases on collateral review, so the petitioner could not satisfy the statutory requirements concerning an *Apprendi* claim. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir.2001). Based on the holdings in *Tyler* and *Clemmons*, Perkins's claim is without merit.

The motion for in forma pauperis status is granted, and the order of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.