**Ronald Peter LIQUORI, Jr.,
Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

No. 02–5108.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

*ORDER*

Ronald Peter Liquori, Jr., a federal prisoner proceeding pro se, moves for in forma pauperis status and appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Southern District of California in 1991, Liquori was convicted of conspiracy to manufacture and possess methamphetamine with intent to distribute and of manufacture and attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Liquori was sentenced to serve 360 months of imprisonment. Liquori's convictions and sentence were affirmed on appeal. *See United States v. Liquori,* 5 F.3d 435 (9th Cir.1993).

In 1998, Liquori filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court. That decision was affirmed on appeal. *See United States v. Liquori,* 188 F.3d 516 (9th Cir.1999) (unpublished table opinion). Liquori subsequently filed a motion seeking authorization to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2244. The Ninth Circuit Court of Appeals denied Liquori's § 2244 motion in September 2001.

In his § 2241 petition, Liquori alleges, in essence, that his Fifth Amendment due

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

process rights and his Sixth Amendment right to a trial by jury have been violated. Liquori alleges that he was charged under a constitutionally defective indictment because the indictment failed to charge all the necessary elements of the charged offense in that it did not sufficiently set forth the drug or drug quantity for which he was held responsible. Liquori also complains that his indictment was constitutionally flawed because it lacked an essential element of the offense charged in that it did not set forth with any degree of clarity what penalty provision was applicable for the charged offenses. Liquori further asserts that he was unconstitutionally sentenced because he was sentenced based upon a drug quantity and type, which quantity and type were established by a judge rather than a jury, pursuant to the lesser "preponderance of the evidence" standard rather than pursuant to the requisite "beyond a reasonable doubt" standard required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Based upon the rationale and legal authorities set forth in *Perkins v. Thoms*, 23 Fed.Appx. 256 (6th Cir.2001), the district court dismissed Liquori's habeas corpus petition. Liquori has filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Miller's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. Liquori's petition challenges the type and amount of drugs that were attributed to him by the district court when imposing sentence upon him. Accordingly, Liquori's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Liquori's sentence. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56.

Nevertheless, Liquori may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Liquori has not shown that his remedy under § 2255 is inadequate or ineffective. Thus, the district court properly dismissed Liquori's § 2241 habeas corpus petition because Liquori sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757–58.

Accordingly, the motion for in forma pauperis status is granted for the limited purpose of deciding this appeal, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.