**Ines Frank MORENO, Petitioner–Appellant,**

v.

**George E. SNYDER, Respondent–Appellee.**

No. 02–5055.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

## ORDER

Ines Frank Moreno, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moreno pleaded guilty in 1994 to possession with intent to distribute cocaine base. He was sentenced on November 1, 1995, to 40 years in prison, followed by five years of supervised release. Moreno did not appeal. He subsequently filed a motion to vacate sentence under 28 U.S.C. § 2255. The motion was denied on November 18, 1999, and, again, Moreno did not appeal. On March 4, 2001, the U.S. Court of Appeals for the Eleventh Circuit denied Moreno's motion under 28 U.S.C. § 2244 to file a second or successive § 2255 motion.

In his § 2241 petition, Moreno raised three grounds for relief: (1) he is actually innocent of 21 U.S.C. § 841(b)(1)(A); (2) the indictment was defective, lacking an essential element of the offense, and so his guilty plea was not knowingly or voluntarily made; and (3) § 841 is unconstitutional. In support of each of these issues, Moreno relies upon the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He further contends that § 2255 is an inadequate remedy because he filed his first motion to vacate prior to the intervening change of law announced in *Apprendi*.

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

The district court denied Moreno's § 2241 petition and dismissed the action with prejudice in an opinion and order entered on December 6, 2001. The district court based its decision on the rationale and legal authorities set forth in this court's unpublished order, *Perkins v. Thoms*, 23 Fed.Appx. 256 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1557, 152 L.Ed.2d 480 (2002). In addition, citing *United States v. Garcia*, 252 F.3d 838 (6th Cir.2001), the district court concluded that *Apprendi* was inapplicable to Moreno's case because he entered a guilty plea.

On appeal, Moreno continues to argue the merits of his grounds for relief and further asserts that the district court erred in failing to address the question of whether Moreno met the requirements for the "savings clause" in § 2255. *See* 28 U.S.C. § 2255¶ 5.

This court reviews *de novo* a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Review of the record in this case indicates that the district court properly dismissed Moreno's § 2241 petition.

Pursuant to § 2241, a federal prisoner may bring a petition for a writ of habeas corpus challenging the execution of his sentence in the district court having jurisdiction over his custodian. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. If, however, a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he must file a motion to vacate under § 2255 in the district court in which he was sentenced. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. Because Moreno's petition constitutes a challenge to his conviction and the imposition of his sentence, § 2255, not § 2241, is the proper vehicle to employ.

Nonetheless, Moreno may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255¶ 5. The burden is upon the petitioner to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. Moreno has not met this burden. It is well-settled that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because he is procedurally barred from pursuing relief under § 2255, or because he has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758.

Moreno has neither asserted his actual innocence of his crime (as opposed to his sentence) nor cited to an intervening change in the law which indicates that he is actually innocent of his crime. *See Peterman*, 249 F.3d at 462. He argues that *Apprendi* represents an intervening change in the law that renders his sentence invalid because it is based upon a defective indictment that did not specify the quantity of drugs and renders his guilty plea invalid because he was not notified of all the elements of the offense. However, the Supreme Court has not held that its decision in *Apprendi* is retroactive to cases on collateral review, *see In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001) (application for leave to file second or successive motion to vacate under §§ 2244 and 2255), and this court has recently joined other circuits in holding that *Apprendi* is not retroactively applicable to initial § 2255 motions. *See Goode v. United States*, 39 Fed.Appx. 152, at 155–158 (6th Cir.2002); *see also, e.g., McCoy v. United States*, 266 F.3d 1245, 1258 (11th

Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2362, 153 L.Ed.2d 183, 2002 WL 1271048 (U.S. June 10, 2002); *United States v. Moss,* 252 F.3d 993, 997 (8th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders,* 247 F.3d 139, 146 (4th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001). In addition, at least one circuit has expressly held that *Apprendi* is not retroactively applicable to cases on collateral review under § 2241. *See San–Miguel v. Dove,* 291 F.3d 257, at 260 (4th Cir.2002). Thus, *Apprendi* may not be applied in Moreno's habeas corpus petition.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.