**UNITED STATES of America, Plaintiff**

v.

**Danny GUZMAN–CORREA [6], et al., Defendants.**

**CR. No. 07–290 (PG).**

United States District Court, D. Puerto Rico.

Nov. 5, 2010.

Jose Capo–Iriarte, United States Attorneys' Office, Hato Rey, PR, for Plaintiff.

Fernando J. Carlo–Gorbea, Fernando J. Carlo Law Office, Juan A. Pedrosa–Trapaga, Juan A. Pedrosa Law Office, Benito I. Rodriguez–Masso, Benito I. Rodriguez Masso Law Office, Ernesto Hernandez–Milan, Ernesto Hernandez Law Office, Jose L. Barreto–Rampolla, Rivera, Barreto & Torres Manzano Law Office, Raymond L. Sanchez–Maceira, Sanchez Maceira Law Office, Mariangela Tirado–Vales, Mariangela Tirado Vales Law Office, Ruben Cerezo–Hernandez, Benny F. Cerezo Law Office, Rafael F. Castro–Lang, Castro & Castro Law Office, Juan M. Masini–Soler, Juan Masini Soler Law Office, Juan J. Hernandez–Lopez–De–V., Hernandez Lopez De Victoria Law Office, Lorenzo J. Palomares–Starbuck, Lorenzo Palomares PSC Attorneys, Michael Raymond Hasse, Hasse & Associates, Jedrick H. Burgos–Amador, Cond. Galeria I, Juan G. Nieves–Cassas, Nieves Cassas Law Office, Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc., Ramon L. Garay–Medina, Garay Medina Law Office, Jose L. Novas–Debien, Carlos Rodriguez-Garcia, Irma R. Valldejuli–Perez, Epifanio Morales–Cruz, Johnny Rivera–Gonzalez, Rachel Brill, Luz M. Rios–Rosario, Jose C. Romo–Matienzo, Olga M. Shepard–De–Mari, San Juan, PR, Joseph C. Laws, Federal Public Defender's Office, Hato Rey, PR, Juan Ramon Rodriguez–Lopez, Rodriguez Lopez Law Office, Juan E. Alvarez–Cobian, Juan E. Alvarez Law Office, Ponce, PR, Jorge E. Rivera–Ortiz, Rivera Ortiz Law Office, Manati, PR, Miguel A. Montes–Diaz, Montes & Associates, Rosa Ivette Bonini–Laracuente, Bonini Law Office, Bayamon, PR, Jason Gonzalez–Delgado, Gonzalez & Gonzalez Law Office, Wilfredo Rios–Mendez, Rios Law Office, Caguas, PR, for Defendants.

## OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

Defendant Danny Guzman–Correa ("Defendant" or "Guzman") filed a motion for hearing pursuant to 21 U.S.C. § 851(c)(1) (Docket No. 3372) arguing that the information filed by the government requesting an enhancement should not be applied in the instant case. The government responded opposing the Defendant's request. See Docket No. 3391. For the reasons that follow, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

On July 24, 2007, Defendant, one of the leaders of this ninety-five co-defendant criminal case, was charged with three counts of firearm and narcotics violations involving heroin, crack cocaine, cocaine, and marijuana, all in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, 853, and 18 U.S.C. § 924(c)(1) and (2). The jury trial in the instant case was scheduled to commence on August 6th, 2009. See Docket No. 2775. On that same date, the government announced that, pursuant to 21 U.S.C. § 851, it would file an information to establish prior convictions (hereafter "Information") as to defendant Guzman. As a result, the Court granted the Defendant's counsel's request for additional time to discuss this matter with his client. See

Docket No. 2812. Accordingly, the jury panel was excused and jury selection was postponed until the next day. As announced, the government filed the Information on August 7th, 2010. *See* Docket No. 2818. Therein, the government informed the Court that Guzman had received two (2) prior felony drug offense convictions in criminal cases 98–176(JAF) and 98–009(CCC), and thus, it would rely on these convictions at the time of sentencing to enhance Defendant's minimum mandatory sentence from a term of imprisonment of ten (10) years, to a mandatory term of life imprisonment without release pursuant to 21 U.S.C. § 841(b).[1] *See* Docket No. 2818.

Thereafter, on September 3rd, 2010, the Defendant was found guilty of the counts he was charged of in the above-captioned case. *See* Docket No. 2916.

Upon the scheduling of the sentencing hearing, on June 8th, 2010, the Defendant filed the motion pending now before the Court. The Defendant argues the following: (a) that the Information was untimely filed; (b) that the Defendant only has one prior felony drug offense conviction, as opposed to two; and, (c) that Defendant's recidivist status had to be submitted to a jury, and proven beyond a reasonable doubt. *See* Docket No. 3372. The Defendant thus requests that the Court hold a hearing to determine the issues raised therein. *See id.*

In its opposition, the government submits that the Defendant was timely notified of the government's intent to file an Information pursuant to 21 U.S.C. § 851; that Guzman is a repeat offender with two prior felony drug offense convictions, and as a result, the imposition of a mandatory life imprisonment term is applicable; and, that Defendant's prior convictions are sentencing factors rather than elements of the federal criminal offenses, and thus, it is the Court and not the jury which determines Defendant's recidivist status. *See* Docket No. 3391.

## II. DISCUSSION

### A. Timeliness

The first issue presented by the Defendant in his motion requesting a hearing was that the Information filed by the government seeking an enhancement to the Defendant's sentence was untimely filed. The government, on the other hand, contends that it was not.

Section 851(a)(1) of title 21 of the United States Code states, in relevant part, that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial,* or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon....

21 U.S.C. § 851(a)(1) (emphasis ours). "[R]equiring notice before trial—"allows the defendant ample time to determine whether he should enter a plea or go to

---

**1.** 21 U.S.C. § 841(b) states, in relevant part, that:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment.... If any person

commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." " *Prou v. U.S.*, 199 F.3d 37, 44 (1st Cir.1999) (holding that trail counsel's failure to object an untimely information alleging a prior felony drug conviction for purposes of sentence enhancement filed nineteen days after judge empaneled the jury constituted ineffective assistance of counsel) (*citing United States v. Johnson*, 944 F.2d 396, 407 (8th Cir. 1991)).

For purposes of this statute, the First Circuit Court of Appeals has unequivocally held that " 'trial,' as that term is used in section 851(a)(1), includes jury selection." *Prou*, 199 F.3d at 48 (internal citations omitted). Nevertheless, "courts occasionally have excused untimely filings as long as the defendant has been made aware before trial or entry of a guilty plea of both the government's intent to seek an enhancement and the particular prior conviction(s) upon which the government aspires to rely." *Id.* at 44 n. 3. In fact, the First Circuit Court of Appeals has "previously upheld the filing and service of an information the day before trial. . . ." *U.S. v. Barrow*, 448 F.3d 37, 42 (1st Cir.2006) (holding that the fact that information indicating previous convictions to be relied upon in enhancing sentence as a career offender was not filed until day before trial, and was not served until following morning before trial began, did not violate defendant's due process rights) (*citing United States v. Cartagena–Carrasquillo*, 70 F.3d 706, 715 (1st Cir.1995)).

■ In the case at hand, the record is clear that the Defendant was made aware of the government's intention to file a § 851 Information on what was supposed to be the first day of trial, but before the process of jury selection began. However, at the Defendant's counsel request for additional time to discuss the issue with his client, the Court postponed the jury selection proceedings until the next day.[2] *See* Docket No 2812. Therefore, pursuant to the applicable caselaw, the Court is forced to conclude that the § 851 Information was timely inasmuch as the Defendant was made aware the day before jury selection began of the government's intention to seek the enhancement of the Defendant's sentence. "While such cliff-hanging practices are not wise, if the filing was made before jury selection, then that is all that was required." *U.S. v. Pinillos–Prieto*, 419 F.3d 61, 75 (1st Cir.2005) (*citing Cartagena–Carrasquillo*, 70 F.3d at 715).

### B. Prior Conviction

The second argument set forth by Guzman in his motion is that his prior felony drug convictions should be treated as a single conviction for purposes of sentence enhancement under section 841(b)(1)(A). To that effect, the Defendant cites to section 4A1.2(a)(2) of the Sentencing Guidelines for the proposition that sentences imposed in related cases are treated as one sentence. According to the Defendant, prior sentences are considered related, pursuant to the Guidelines, if they resulted from offenses that (a) occurred on the same occasion, (b) were part of a single common scheme or plan, or (c) were consolidated for trial or sentencing. *See* Docket No. 3372 at pages 7–8. To that effect, Guzman points out that both prior indictments charged him with being a supplier to different drug points and his participation in the charged conspiracies was contemporary. Therefore, inasmuch as the prior convictions stem from interrelat-

---

**2.** If the Defendant's counsel felt he needed additional time, he certainly did not voice his concern or made such a request at the time.

ed criminal activity and the cases were consolidated for plea and sentencing purposes, the Defendant contends that they should be treated as a single conviction as opposed to two.

On the other hand, the government contends in its opposition that a review of the version of facts signed and adopted by the Defendant on August 26, 1999 clearly illustrates that the two prior convictions, although similar, stem from separate criminal episodes. The United States then proceeds to summarize and differentiate both convictions. Basically, the government argues that whereas Criminal Case No. 98–009(CCC) relates to Defendant's supply of heroin to a drug distribution point located at the Portugues and Belgica Ward in Ponce, then "owned" by Orlando Rosa Rodriguez, the version of facts signed and adopted by the Defendant with regards to Criminal Case No. 98–176(JAF) relates to his supply of heroin, cocaine, and marihuana to Orlando Maldonado Orengo, Samuel Arce and Ignacio Mendoza Diaz for the subsequent distribution at the Rosaly Housing Project in Ponce. The government's position is thus that both criminal acts, although similar, stem from separate criminal episodes, involve different locations, and different co-conspirators, and as a result, Guzman should be considered a repeat offender with *two* prior felony drug offense convictions. *See* Docket No. 3391.

"Whether a court may consider the relationship of previous convictions to determine if they constitute a single criminal episode, which should be counted as one prior conviction for purposes of sentence enhancement under section 841(b)(1)(A), is a question of first impression in this circuit." *U.S. v. Rice*, 43 F.3d 601, 605 (11th Cir.1995). The Court first notes that, on its face, section 841(b)(1)(A) does not require that a court evaluate the relationship of prior convictions. However, "we agree with our sister circuits that if the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." *Id.* at 605–606 (*citing United States v. Liquori*, 5 F.3d 435, 437 (9th Cir.1993); *United States v. Pace*, 981 F.2d 1123, 1132 (10th Cir.1992); *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991); *United States v. Blackwood*, 913 F.2d 139, 145 (4th Cir.1990)). "Any other construction would be at odds with both the plain language of the statute—two means two—as well as with Congress' recognized goal in enacting mandatory minimum sentences for recidivist drug offenders." *United States v. Powell*, 404 F.3d 678, 682 (2d Cir.2005) (holding that defendant's two previous crack possession convictions—separated by seven months and 250 miles—were not part of a single criminal episode and thus constituted two or more prior felony drug convictions 21 U.S.C. § 841(b)(1)(A)) (*citing Hughes*, 924 F.2d at 1361).

■ Determining whether acts form a single criminal episode, or in other words, whether the prior convictions arise out of a single uninterrupted act of criminality, involves a factual inquiry. *See Rice*, 43 F.3d at 606. In the instant case, despite the fact that Defendant performed the same function for both conspiracies within similar time frames, the transactions were necessarily distinct in time inasmuch as they took place in different geographical locations. In addition, because he performed functions for two distinct conspiracies, the transactions must not have been contingent upon the other and must have required separate planning and execution. Moreover, the funds he received for the performance of his functions must have been obtained from different sources. *See*

*U.S. v. Gray,* 152 F.3d 816 (8th Cir.1998) (holding that although two sales of methamphetamine to police informant on two consecutive days may have formed a series or pattern of drug transactions, each sale was a separate, punctuated occurrence with a limited duration, and thus, defendant's two prior felony drug convictions for these two sales constituted separate convictions for purposes of sentencing pursuant to section 841(b)(1)(A)).

The fact that the specific crimes in question constitute an extended spree of drug supply to different points cannot justify treating Guzman's convictions arising from that course of illegal conduct as a single prior conviction. Adopting such an approach would undermine the purpose of the repeat-offender statute.

> An ongoing course of criminal conduct … may involve many … criminal episodes, each a discrete occurrence. The fact that all are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a 'single' criminal episode, particularly where the episodes occur over time. To so hold would insulate the very career criminals the statute is designed to reach—those continuously engaged in criminal conduct.

*Liquori,* 5 F.3d at 437–438 (holding that drug offenses committed weeks apart but sentenced concurrently counted as two distinct "criminal episodes" and therefore two separate prior convictions) (*citing United States v. Maxey,* 989 F.2d 303, 307 (9th Cir.1993)).

The Court also notes that the fact that Defendant's prior offenses were consolidated for sentencing purposes does not change our conclusion, despite the Defendant's attempt to analogize the term "prior convictions" in 21 U.S.C. § 841 to the term "prior sentence" under section 4A1.2 of the Sentencing Guidelines. In fact, when

tackling identical arguments to the one put forth by the Defendant in the instant case, our sister courts have held that any such attempt is irrelevant inasmuch as "we are concerned here with the construction of a federal criminal statute, not with the computation of a Guidelines criminal history." *U.S. v. Carroll,* No. 95–5507, 1997 WL 225481 at *3 n. 3 (4th Cir. May 05, 1997) (*citing United States v. Blackwood,* 913 F.2d 139, 145 n. 4 (4th Cir.1990)).

> [S]ince [defendant's] sentence was imposed according to the statutory minimum required by 21 U.S.C. § 841(b)(1)(A), this guidelines section [U.S.S.G. § 4A1.2] is not applicable. The issue in this case is the construction of a federal statute, not the computation of a defendant's criminal history under the guidelines. While in some cases the sentencing guidelines may be instructive in interpreting a federal statute, nothing in the guidelines requires us to apply guideline definitions in construing a federal sentencing statute.

*Liquori,* 5 F.3d at 438 (internal citations omitted).

Per the foregoing, we hereby DENY the Defendant's motion (Docket No. 3372) and hold that he has two felony drug convictions prior to the one in the above-captioned case. Thus, the statute imposes a mandatory minimum sentence of life imprisonment.

## C. Enhancement

The third and final argument made by the Defendant in his motion is that to the extent a Section 851 enhancement increases the penalty for a crime beyond the prescribed statutory minimum, it must be submitted to a jury, and proven beyond a reasonable doubt regardless of whether the statute calls it an element or a sentencing factor. *See* Docket No. 3372. In making this argument, the Defendant relies on

*U.S. v. O'Brien,* —— U.S. ——, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010) (holding that under statute prohibiting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime, fact that firearm was a machine gun was an element of the offense to be proved to the jury beyond a reasonable doubt, rather than a sentencing factor). However, the case cited and relied upon by the Defendant is clearly misapplied to his contention.

 In *O'Brien,* the Supreme Court held that whereas "[e]lements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt ... [s]entencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." *O'Brien,* 130 S.Ct. at 2174. In addition, the Supreme Court unequivocally stated that "[s]entencing factors traditionally involve characteristics of the offender—such as recidivism, cooperation with law enforcement, or acceptance of responsibility." *Id.* at 2176 (*citing Castillo v. United States,* 530 U.S. 120, 126, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000)). Therefore, to the extent the statutory enhancement in this case is made by virtue of the offender's recidivism, we hereby conclude that Defendant's prior convictions are sentencing factors rather than elements of the offense that need not be submitted to the jury. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (upholding Congress's decision to treat prior convictions as a sentencing factor rather than an element of a federal criminal offense); *U.S. v. Moore,* 286 F.3d 47 (1st Cir.2002) (holding that imposition of enhanced sentence under statute based on prior state convictions did not violate Due Process Clause inasmuch as underlying *Apprendi* rule, which generally required that fact increasing penalty above prescribed statutory maximum be proved to jury beyond a reasonable doubt, explicitly exempted sentence-enhancement provisions based upon prior criminal convictions).

## III.   CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's motion requesting hearing (Docket No. 3372).

**IT IS SO ORDERED.**