NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30301 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:11-cr-00173-LRS-1 |
| CAVON C. CLARK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted May 17, 2018
Seattle, Washington

Before: BERZON and HURWITZ, Circuit Judges, and DEARIE,[**] District Judge.

Cavon C. Clark was convicted of one count of production of child

pornography, in violation of 18 U.S.C. § 2251(b), and one count of transportation

of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). On appeal, he

challenges the district court's determination that his prior convictions under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

Washington law for possession of depictions of a minor engaged in sexually explicit conduct trigger the recidivist sentencing enhancement of 18 U.S.C. § 2251(e) on the production count. Clark also challenges the district court's imposition of a single-conviction enhancement under 18 U.S.C. § 2252A(b)(1) on the transportation count. Finally, Clark appeals the district court's inclusion in its written judgment of a lifetime term of supervised release that it failed to pronounce orally at sentencing.

We affirm the district court's application of the sentencing enhancements, vacate the portion of the written judgment imposing a term of supervised release, and remand to allow the district court to consider whether to pronounce orally the term of supervised release.

1. Because the term "sexual exploitation of children" is not defined in 18 U.S.C. § 2251, the district court was required to "'defin[e] the offense based on the ordinary, contemporary, and common meaning of the statutory words.'" *United States v. Sullivan*, 797 F.3d 623, 636 (9th Cir. 2015) (quoting *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007)); *accord United States v. Reinhart*, 893 F.3d 606, 611-12 (9th Cir 2018). The district court correctly concluded that Clark's Washington convictions under Rev. Code Wash. 9.68A.070 "relat[e] to the sexual exploitation of children" within the meaning of § 2251(e), noting that the phrase has "a broadening effect on what follows" and that it "mandates the enhancement

for any state offense that stands in some relation, bears upon, or is associated with that generic offense." (quoting *Sullivan*, 797 F.3d at 638 (internal quotation marks and citation omitted)).[1]

2**.** Clark's challenge to the single-conviction enhancement of 18 U.S.C. § 2252A(b)(1) in the sentence on the transportation conviction also fails. The Washington offense of possession of depiction of a minor engaged in sexually explicit conduct, Rev. Code Wash. 9.68A.070, is a categorical match to the federal crime of "possession" of "child pornography," 18 U.S.C. § 2252A(a)(5)(B).

3. "The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (internal citation and quotation omitted). The inclusion of a term of lifetime supervised release in the written judgment does not remedy an oral omission at sentencing. We therefore vacate the supervised release portion of Clark's sentence and remand to afford the district court the opportunity to impose the intended term. *See id.*

---

[1] The district court did not err in determining that Clark's two Washington convictions for the same statutory offense triggered the multiple-conviction enhancement. The court correctly held that, despite the consolidation of the charges into a single adjudicatory proceeding, Clark's "decision to download on different dates to different media" constituted distinct violations of the law. *See, e.g.*, *United States v. Phillips*, 149 F.3d 1026, 1031-32 (9th Cir. 1998); *United States v. Liquori*, 5 F.3d 435, 437-38 (9th Cir. 1993); *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993).

16-30301

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

16-30301