*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0251P (6th Cir.)
File Name: 01a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

In re: MICHAEL A.
CLEMMONS,

       *Movant.*

No. 00-3941

On an Application for Authorization to File a Second or
Successive Motion under 28 U.S.C. § 2255.
No. 97-01142—Sandra S. Beckwith, District Judge.

Argued: May 1, 2001

Decided and Filed: August 1, 2001

Before: JONES, SILER, and GILMAN, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Steven L. Lane, KING & SPALDING,
Washington, D.C., for Appellant. Terry Lehmann,
ASSISTANT UNITED STATES ATTORNEY, Cincinnati,
Ohio, for United States of America. **ON BRIEF:** Steven L.
Lane, KING & SPALDING, Washington, D.C., for Appellant.
Terry Lehmann, ASSISTANT UNITED STATES
ATTORNEY, Cincinnati, Ohio, for United States of America.

1

As the Supreme Court has not held that *Apprendi* applies retroactively to cases on collateral review, Clemmons's second petition fails to satisfy the requirements of 28 U.S.C. § 2255 ¶ 8(2).

**APPLICATION DENIED**.

---

**OPINION**

---

SILER, Circuit Judge.   Previously convicted of a drug conspiracy involving cocaine and cocaine base, Movant Michael A. Clemmons seeks permission to file a second motion to vacate under 28 U.S.C. §§ 2244 and 2255.  He asserts that the district court violated his rights under *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), when it rather than the jury determined the amount of drugs attributable to him for sentencing.  Clemmons contends that he can present a *prima facie* case that *Apprendi* is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" to him, and urges this court to approve his application for permission to file a second or successive petition.  28 U.S.C. § 2255 ¶ 8(2) (Supp. 2001); *see also* 28 U.S.C. § 2244(b)(3)(C) (Supp. 2001).   We **DENY** his application based on *Tyler v. Cain*, 121 S.Ct. 2478 (2001).

## I.  BACKGROUND

Under the 1994 one-count indictment, Clemmons was charged with participating in a drug conspiracy involving more than 500 grams of cocaine and/or more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841 (b)(1)(B)(iii), and 846.[1]  Clemmons and four other defendants were tried before a jury.  In its jury instructions, the district court reviewed the amounts of cocaine and cocaine base seized by the government from the defendants and stipulated by the parties.  In regard to the standard for determining guilt on the conspiracy charge, it instructed jurors that:

if you find that the government has established by proof beyond a reasonable doubt that on or about the dates

---

under § 2255); *In re: Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) (denying the retroactive application of *Apprendi* to collateral cases under § 2255); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000) (declaring that §§ 2244(b)(2)(A) and 2255 ¶ 8(2) depart from pre-1996 law (i.e., *Teague*) by specifying that only the Supreme Court makes the decision regarding retroactivity to collateral cases, and rejecting the retroactive application of *Apprendi*); *In re: Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (denying the retroactive application of *Apprendi* to collateral cases under § 2255); *Sustache-Rivera v. United States*, 221 F.3d 8, 14-15 (1st Cir. 2000) (denying retroactive application of *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi* to collateral cases under § 2255); *In re: Smith*, 142 F.3d 832, 835-36 (5th Cir. 1998) (denying the retroactive application of *Cage v. Louisiana*, 498 U.S. 39 (1990), to collateral cases under § 2244(b)(2)(A)); *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997) (denying the retroactive application of *Riggins v. Nevada*, 504 U.S. 127 (1992), to collateral cases under § 2255); *In re: Vial*, 115 F.3d 1192, 1196-97 (4th Cir. 1997) (en banc) (denying the retroactive application of *Bailey v. United States*, 516 U.S. 137 (1995), to collateral cases under § 2255).

---

[1] The indictment identifies the movant as Michael Clemons.

*Id.* at 59, 61. Likewise, when the Ninth Circuit considered the retroactive application of *Riggins v. Nevada*, 504 U.S. 127 (1992), it determined that "§ 2244(b)(2)(A) codifies *Teague*" as Congress's statutory language did not explicitly reject *Teague*'s holding. *Flowers v. Walter,* 239 F.3d 1096, 1104 (9th Cir. 2001).

Recently, the Supreme Court clarified the meaning of "made retroactive to cases on collateral review by the Supreme Court" under AEDPA in *Tyler v. Cain*, 121 S.Ct. 2478 (2001). *Tyler* focused on a state prisoner's assertion in his second habeas corpus application that the rule regarding unconstitutional jury instructions articulated in *Cage v. Louisiana*, 298 U.S. 39 (1990), was "made retroactive to cases on collateral review by the Supreme Court" according to § 2244(b)(2)(A). *See* 121 S.Ct. at 2480-81. The Court stated that *Teague* is not controlling for collateral cases under AEDPA. *See id.* at 2483-84 (stating that,  at most, a petitioner's reliance on *Teague*'s principles supports an argument that the Supreme Court should make a new rule retroactive to cases on collateral review).

Clarifying that "'made' means 'held' for purposes" of § 2244(b)(2)(A), it concluded that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Id.* at 2482-83. Thus, a new rule does not become retroactive "by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts" or by the Court's dictum. *Id.* at 2482-83 n.4. Rather, the Supreme Court must explicitly hold that its decision is retroactive to cases on collateral review in order for a second or successive petition under § 2244(b)(2)(A) and § 2255 ¶ 8(2) to qualify for consideration.[3]  *Id.* at 2481-82.

---

[3] The Supreme Court's decision in *Tyler* affirms the reasoning of six circuits that under the plain language of AEDPA, the Supreme Court makes new constitutional rules retroactive to cases on collateral review by explicitly stating their collateral availability or applying it in a collateral proceeding. *See Rodgers v. United States*, 299 F.3d 704, 706 (8th Cir. 2000) (denying the retroactive application of *Apprendi* to collateral cases

alleged, in the Southern District of Ohio, the defendant under consideration did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with other persons to distribute and to possess with the intent to distribute over five grams of cocaine, then you will return a verdict of guilty. . . .

During deliberations, the jury requested copies of the indictment. Because the defendants' attorneys disagreed on how to respond, the court informed the jury to refer to their instructions for all the information they needed. Later, the jury submitted a question regarding the distinction between the conspiracy charge and the possession-with-intent-to-distribute charge. Based on the request of the majority of defendants' attorneys, the court responded that the jury should rely on the "essential elements of each count as they appear in the court's instructions." The jury also asked why some possession counts listed drug amounts but not others. Based on governing case law at the time, the district court informed the jury that "the government may, but is not required to, allege a specific amount of cocaine or cocaine base in connection with counts charging possession with intent to distribute cocaine or cocaine base."

Clemmons was convicted  on the conspiracy count, and the trial court determined that he was responsible for 170.1 grams of cocaine base and 1,134 grams of cocaine powder. Based on § 841(b)(1)(A)'s sentencing range of ten years to life in prison and a four-year minimum for supervised release, the district court sentenced him to 235 months incarceration followed by five years of supervised release. Clemmons filed a direct appeal of his conviction and sentence, which this court affirmed in *United States v. Welch*, 97 F.3d 142 (6th Cir. 1996). Subsequently, Clemmons filed two motions to dismiss the indictment and a § 2255 petition for relief, all of which the district court denied.[2]   On August 2, 2000, he

---

[2] This court dismissed Clemmons' appeal of his first § 2255 motion to vacate for lack of jurisdiction in March 1999. His appeal from the denial of his second motion to dismiss the indictment, *Clemmons v.*

submitted this application for permission to file a second motion to vacate under § 2255 based on the Supreme Court's decision in *Apprendi*.

## II. DISCUSSION

Under the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner must obtain permission from the court of appeals in order to submit a second or successive § 2255 motion to the district court. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court may authorize the filing of the second motion "only if it determines that the application makes a *prima facie* showing" that it contains:

> 1) newly discovered evidence which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(3)(C); § 2255 ¶ 8.

In *Apprendi,* the Supreme Court announced a new constitutional rule of criminal procedure by holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. The Supreme Court's new rule radically departed from this court's prior treatment of the quantity of drugs as a sentencing factor rather than as an element of the offense. *See United States v. Neuhausser*, 241 F.3d 460, 464-65 (6th Cir. 2001). Now in cases where the factual determination of the quantity of drugs attributable to the defendant significantly impacts the

_____

*United States*, No. 00-3794, is pending before this court.

appropriate sentencing range under 21 U.S.C. § 841, a jury must decide on the quantity of the drugs beyond a reasonable doubt. *Id.* at 465-66 (citing *United States v. Page,* 232 F.3d 536, 534 (6th Cir. 2000); *United States v. Flowal,* 234 F.3d 932, 936 (6th Cir. 2000)). While this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review. *See id.*; *United States v. Rebmann*, 226 F.3d 521 (6th Cir. 2000).

While Clemmons arguably can make a *prima facie* showing that *Apprendi* was not available to him during his direct appeal or first habeas petition and presents a new constitutional rule of criminal procedure, the fundamental question is whether *Apprendi* has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255 ¶ 8(2). On this key issue, Clemmons urges this court to follow the example of the Third and Ninth Circuits and interpret this statutory phrase based on the retroactive standard set forth in *Teague v. Lane*, 489 U.S. 288 (1989). In *Teague*, the Supreme Court held that new constitutional rules of criminal procedure will not apply retroactively to cases on collateral review, unless: 1) the new rule places "'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;'" or 2) the new rule establishes a watershed rule of criminal procedure that "implicate[s] the fundamental fairness of the trial," without which "the likelihood of accurate conviction is seriously diminished." 489 U.S. 288, 310-13 (1989) (citing *Mackey v. United States*, 401 U.S. 667, 692-94 (1971)).

In reviewing the retroactive application of *Cage v. Louisiana*, 498 U.S. 39 (1990), under identical language in 28 U.S.C. § 2244(b)(2)(A) (Supp. 2001), the Third Circuit reasoned that Congress was aware of *Teague*'s framework for determining the retroactivity of new constitutional rules. *See West v. Vaughn*, 204 F.3d 53, 59-60 (3d Cir. 2000). By using the broad verb "made" rather than more specific terminology like "held" or "applied," it determined that Congress intended to incorporate the *Teague* retroactivity analysis into § 2244(b)(2)(A) for pre-AEDPA Supreme Court decisions.