**John Angus SMITH, Petitioner–Appellant,**

v.

**George E. SNYDER, Respondent–Appellee.**

**No. 01–5474.**

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before NATHANIEL R. JONES, NELSON, and DAUGHTREY, Circuit Judges.

---

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

John Angus Smith, a pro se federal prisoner, appeals from a district court order dismissing his petition for a writ of habeas corpus. See 28 U.S.C. § 2241. Smith has also filed motions to certify questions to the Supreme Court and for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a jury convicted Smith of various drug offenses and of using a weapon in relation to a drug trafficking offense under 18 U.S.C. § 924(c). The judge then found that the weapon was a machine gun, and the judge sentenced Smith to 360 months in prison. The conviction was affirmed on appeal and by the Supreme Court. See *Smith v. United States*, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). Smith's subsequent § 2255 motion to vacate was denied, and the denial was affirmed on appeal.

In his § 2241 petition, Smith claims that his sentence under § 924(c) is invalid under the Supreme Court cases of *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed the petition because Smith had not shown that his remedy under § 2255 was inadequate or ineffective. See 28 U.S.C. § 2255, fifth ¶.

It is clear that the only claim that this court might recognize as inadequate or ineffective under § 2255 must be based on a showing of actual innocence. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). The actual innocence claim must be based on a new rule of law made retroactively applicable by the Supreme Court, such as the holding in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472

(1985). *Id.* at 755–57. The Supreme Court recently held that only a decision by the Supreme Court itself can declare a new rule to be retroactively applicable. *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). This Court subsequently held that the Supreme Court has not made the *Apprendi* decision retroactively applicable to cases on collateral review. *In re Clemmons*, 259 F.3d 489, 493–94 (6th Cir.2001). Based on the holdings in *Tyler* and *Clemmons*, Smith cannot raise a claim of actual innocence based on *Apprendi*, so Smith has not shown that his § 2255 remedy is inadequate or ineffective regarding the part of his actual innocence claim based on *Apprendi*.

Assuming without deciding that an actual innocence exception for a *Castillo* claim exists under § 2241, a petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim. *Charles*, 180 F.3d at 757. In the Supreme Court's decision in Smith's case, the Court stated that the weapon Smith used was a MAC–10 which Smith had modified to operate as an automatic weapon. *Smith*, 508 U.S. at 225, 113 S.Ct. 2050. It is proper for a federal court in a post-conviction proceeding to rely on the factual conclusions made by an appellate court in the same case. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999). Smith has not challenged these findings which show that he is subject to the 360 month sentence. His argument is one of mere legal insufficiency, not actual innocence.

The motions to certify questions and for the appointment of counsel are denied, and the order of the district court is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.