**Jimmie Lee CLEMIS, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellee.**

No. 01–1833.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before RALPH B. GUY, JR., and BOGGS, Circuit Judges; CARR, District Judge.[*]

Jimmie Lee Clemis, a pro se federal prisoner, appeals from an order of the district court dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Clemis of various drug and firearm offenses. After an appeal reversed two of the firearm offenses, the district court sentenced Clemis to 240 months in prison. Clemis's subsequent § 2255 motion to vacate was denied, and that denial was affirmed on appeal.

In his § 2241 petition, Clemis claims that his mandatory minimum sentence on the drug offenses is unconstitutional based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Ramirez,* 242 F.3d 348 (6th Cir.2001). The district court dismissed the petition on the ground that Clemis had not shown that his remedy under § 2255 was inadequate or ineffective.

Clemis can use § 2241 to attack his convictions only if he shows that his remedy under § 2255 is inadequate or ineffective to provide relief. *See* 28 U.S.C. § 2255, fifth ¶; *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). It is clear that the only such exception that this court may choose to recognize must be based on a claim of actual innocence. *Charles,* 180 F.3d at 757. Such an actual innocence claim must be based on a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Id.* at 756–57.

The Supreme Court recently held that only a decision by the Supreme Court itself concerning the retroactivity of a new rule of constitutional law will satisfy this requirement. *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). This court subsequently held that the Supreme Court has not made *Apprendi* retroactively applicable to cases on collateral review, so the petition could not

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

satisfy the statutory requirements concerning an *Apprendi* claim. *In re Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001). Based on the holdings in *Tyler* and *Clemmons,* Clemis's claim is without merit.

The order of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.