**Joseph J. RICCI, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Respondent–Appellee.**

**No. 01–2413.**

United States Court of Appeals, Sixth Circuit.

May 22, 2002.

Before SILER and CLAY, Circuit Judges; OBERDORFER, District Judge.*

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

Joseph J. Ricci, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App.P. 34(a).

On September 13, 1989, Ricci pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Ricci was sentenced to serve 188 months of imprisonment plus five years of supervised release. Ricci did not appeal his conviction. On April 21, 1997, Ricci filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was finally denied by the district court on March 2, 1998.

In his § 2241 petition, filed on August 7, 2001, Ricci claimed that the district court has jurisdiction to consider his petition under § 2241; the holding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), may be applied to his case on collateral review; and the district court that sentenced him improperly found by a preponderance of the evidence that he was responsible for a quantity of drugs, which resulted in a sentence that exceeded the statutory maximum penalty that could be imposed for the crime to which he pled guilty, in violation of *Apprendi.*

The district court summarily dismissed Ricci's habeas corpus petition. Ricci filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus.

*United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Ricci's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Despite his argument to the contrary, Ricci's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Ricci's sentence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Ricci may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Ricci has not shown that his remedy under § 2255 is inadequate or ineffective. Furthermore, the *Apprendi* decision may not be applied retroactively to cases on collateral review. *In re Clemmons,* 259 F.3d 489, 493 (6th Cir.2001) (application for authorization to file second or successive motion to vacate under 28 U.S.C. §§ 2244 and 2255). Thus, the district court properly dismissed Ricci's § 2241 habeas corpus petition because Ricci sought to challenge the imposition of his sentence, but failed to

establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.