**Kendall Lee JOHNSON, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden, Respondent–Appellee.**

**No. 01–6522.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge.*

Kendall Lee Johnson, a federal prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury convicted Johnson of conspiracy to possess with intent to distribute cocaine base. The United States District Court for the Eastern District of Virginia sentenced him to 168 months of imprisonment. Johnson did not appeal. He filed a motion to set aside the verdict, which the district court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2255. The district court denied the petition in March 2000. The Fourth Circuit denied a certificate of appealability and dismissed Johnson's appeal. *United States v. Johnson,* No. 00–6657, 2000 WL 1100214 (4th Cir. Aug.7, 2000). Johnson filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) in December 2000 and again in March 2001. The district court denied the motions and directed Johnson to move for permission to file a second or successive habeas petition. *See* 28 U.S.C. § 2244. The Fourth Circuit Court of Appeals denied Johnson's § 2244 motion.

Johnson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in

tained English's affidavit in November, 1999– ten months prior to the filing of the instant motion.

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

the United States District Court for the Eastern District of Kentucky in April 2001. He alleged that: (1) he was convicted of an offense for which he was not charged in the indictment; (2) there was insufficient evidence of his guilt to support his conviction; and (3) his sentence is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied the petition, concluding that Johnson's claims were not cognizable in a § 2241 petition and that his second claim was barred by res judicata.

In his timely appeal, Johnson argues that: (1) the district court erred by misapplying the law with respect to his argument that he was charged with an offense different than the one delivered by the grand jury; (2) the district court erred by applying *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), to the facts of this case; and (3) the district court erred in finding that his claim was barred by res judicata.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed Johnson's petition. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

The district court properly held that Johnson could not bring his claims under § 2241. Johnson's first and third claims are related. In his first claim, Johnson argued that the indictment was defective or had been constructively amended because he was indicted under 21 U.S.C. § 841(b)(1)(B)(iii) but convicted under § 841(b)(1)(A)(iii). He alleged that the essential elements of the crime were not submitted to the jury to be proven beyond a reasonable doubt and that he is actually innocent of the charged crime. In his third claim, Johnson relied upon the discrepancy to argue that his conviction violated *Apprendi* because the provision he was convicted under carried a higher mandatory minimum sentence.

Johnson did not establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention under his first and third claims. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. Johnson has not identified an intervening change in the law that establishes his actual innocence. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. Although the Supreme Court announced a new rule of constitutional law in *Apprendi,* the rule has not been made retroactive to cases on collateral review. *See In re Clemmons,* 259 F.3d 489, 491 (6th Cir. 2001) (§ 2244). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler,* 533 U.S. at 663, 121 S.Ct. 2478. Because Johnson's challenge to the legality of his sentence does not fit within the exception to § 2255, it cannot be brought under § 2241.

Nor was Johnson's second claim cognizable under § 2241. Johnson alleged that there was insufficient evidence to convict

him because no witness testified that Johnson intended to distribute cocaine. This is a direct attack on the legality of his sentence and can only be brought as a § 2255 claim in the sentencing court. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Johnson's remedy under § 2255 is not rendered inadequate or ineffective simply because he has already been denied relief under § 2255 and has been denied permission to file a second or successive motion to vacate. *See Charles,* 180 F.3d at 756–58.

We have considered Johnson's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.