James J. RUMLER, Petitioner–
Appellant,

v.

John HEMINGWAY, Respondent–
Appellee.

No. 02–1029.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2002.

Before: KENNEDY,
SUHRHEINRICH, and BATCHELDER,
Circuit Judges.

### ORDER

James J. Rumler appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a jury convicted Rumler of two counts of obstructing and impeding justice in violation of 18 U.S.C. § 1503, one count of conspiring to make a false declaration in violation of 18 U.S.C. §§ 1623 & 371, two counts of making a false declaration in violation of 18 U.S.C. § 1623, and one count of aiding and abetting the use of false documents in violation of 18 U.S.C. §§ 1001 & 2. The district court sentenced him to 168 months of imprisonment. On appeal, this court affirmed his convictions and sentence. *United States v. Susskind,* 4 F.3d 1400 (6th Cir.1993) (en banc). In 1995, Rumler filed a motion to vacate under 28 U.S.C. § 2255, and the district court denied the motion as meritless. This court subsequently affirmed the district court's judgment. *Rumler v. United States,* No. 97–2214, 1999 WL 17651 (6th Cir. Jan.4, 1999) (unpublished per curiam).

In his current § 2241 habeas corpus petition, Rumler alleged that: 1) the district court improperly enhanced his sentence in violation of the Ex Post Facto Clause; and 2) the court improperly enhanced his sentence based on a drug quantity that was determined by a preponderance of the evidence. The district court concluded that Rumler could not challenge his convictions or sentence under § 2241 because he had not shown that his remedy under § 2255 was inadequate or ineffective; therefore, the court dismissed the petition. Rumler has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Rumler's § 2241 petition. This court reviews de novo a district court judgment dismissing a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756. Reviewing decisions that invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996. 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757.

Rumler has not met his burden of proving that his § 2255 remedy is inadequate or ineffective for several reasons. First, Rumler does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Rumler's claims only attack the imposition of his sentence, not the constitutionality of the underlying convictions.

Second, it is unclear whether and to what extent Rumler can show actual innocence in relation to his claim that challenges the imposition of his sentence. The only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent. *Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001); *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir.1999). To support his claim that his sentence is invalid because the district court improperly utilized a preponderance of the evidence standard in determining his sentence, Rumler relies on a string of Supreme Court cases, which culminated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This court has concluded that the Supreme Court has not yet made the *Apprendi* decision retroactively applicable. *In re: Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001). Further, Rumler does not cite any intervening law that supports his Ex Post Facto Clause argument, and he could have raised this argument in his prior § 2255 motion.

Third, Rumler's remedy under § 2255 is not deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner: 1) has been denied relief under § 2255; 2) may be denied permission to file a second or successive motion to vacate; or 3) has allowed the one-year statute of limitations to expire. 180 F.3d at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Accordingly, the court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.