**Avery CLEMMONS, Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

No. 02–5038.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2002.

Before KENNEDY and MOORE, Circuit Judges; DOWD, District Judge.*

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Avery Clemmons moves for pauper status on appeal from a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Southern District of Ohio, Clemmons was convicted of conspiracy to distribute cocaine and cocaine base and possession with intent to distribute cocaine and cocaine base. Clemmons was sentenced to concurrent terms of 240 months of imprisonment. This court affirmed the convictions on appeal. See United States v. Braggs, 23 F.3d 1047 (6th Cir.1994). Thereafter, the district court denied a motion to vacate Clemmons's sentence filed under 28 U.S.C. § 2255, and this court affirmed the district court's judgment. See Clemmons v. United States, 142 F.3d 432 (6th Cir.1998). Most recently, this court denied Clemmons an order authorizing the district court to consider a successive § 2255 motion. See In re: Clemmons, No. 00–3685 (6th Cir. Sept. 25, 2001) (unpublished).

Next, Clemmons filed the instant petition for a writ of habeas corpus in the district court alleging that he is entitled to relief because his sentence based upon a quantity of drugs not determined by jury violates the principle enunciated in the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed the petition sua sponte as meritless. Clemmons filed a timely notice of appeal. On appeal, Clemmons contends that the district court abused its discretion in dismissing his petition and that he is actually innocent of crimes justifying his mandatory minimum 20 year sentence.

Upon de novo review, see Charles v. Chandler, 180 F.3d 753, 755 (6th Cir.1999), we will grant pauper status and affirm the judgment for the reasons stated by the district court in its memorandum opinion and order filed November 30, 2001. A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. Charles, 180 F.3d at 755–56. The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). See Charles, 180 F.3d at 756–57. The Supreme Court has not made Apprendi applicable retroactively to cases on collateral review. See In re Clemmons, 259 F.3d 489, 492–93 (6th Cir.2001). Clemmons's claim is not cognizable under § 2241.

For the foregoing reasons, the motion for pauper status is granted, and the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.