**Craig KENNEDY, Petitioner–Appellant,**

v.

**Maryellen THOMS, Warden, Respondent–Appellee.**

No. 01–6317.

United States Court of Appeals, Sixth Circuit.

Oct. 2, 2002.

Before KENNEDY and MOORE, Circuit Judges; and DOWD, District Judge.*

*ORDER*

Craig Kennedy, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Kennedy of conspiring to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846, and distribution of at least five ounces of cocaine, in violation of 21 U.S.C. § 841. Kennedy was sentenced to a total of 420 months of imprisonment. The Seventh Circuit Court of Appeals af-

firmed Kennedy's convictions, but remanded the case for re-sentencing. *United States v. Kennedy,* No. 93–2067, 1994 WL 417044 (7th Cir. Aug.10, 1994). On remand, Kennedy was resentenced to 365 months of imprisonment. Thereafter, on August 26, 1997, Kennedy's first 28 U.S.C. § 2255 motion to vacate was denied. The Seventh Circuit Court of Appeals denied Kennedy's motion for reconsideration of the denial of his § 2255 motion. On February 22, 1999, the Seventh Circuit Court of Appeals denied Kennedy permission to file a second or successive § 2255 motion.

On April 26, 2001, Kennedy filed his § 2241 habeas corpus petition, arguing that: 1) the sentencing court violated the Ex Post Facto Clause by trying him for a conspiracy that began while he was still a juvenile; and 2) his sentence is illegal in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court concluded that Kennedy's claims were barred by the doctrine of res judicata and that *Apprendi* is not retroactively applicable to his case. Hence, it dismissed the petition. Kennedy has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly dismissed Kennedy's § 2241 petition. This court reviews de novo a district court's judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legali-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

ty of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). It is the petitioner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756. However, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner was denied relief under § 2255, because the petitioner has allowed the one-year statute of limitations to expire, or because the petitioner was denied permission to file a second or successive motion to vacate. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Kennedy has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. Kennedy has neither asserted that he is actually innocent of his crimes nor cited an intervening change in the law that suggests that he may be actually innocent of the crimes for which he was convicted. Kennedy argued that his sentence is illegal, in light of *Apprendi,* because his indictment did not specify the quantity of drugs involved and because the court determined the amount of drugs by a "preponderance of the evidence." However, *Apprendi* is not applicable in this case because the Supreme Court has not explicitly held that its decision is retroactive to cases on collateral review. *In re: Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.