**Shawn HUFFMAN, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–Appellee.**

No. 02–1358.

United States Court of Appeals, Sixth Circuit.

Oct. 18, 2002.

540

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Shawn Huffman, a federal prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Huffman of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841; possession with intent to distribute cocaine within 1000 feet of a school and aiding and abetting thereof in violation of 21 U.S.C. §§ 841, 845a(a) and 18 U.S.C. § 2; using and carrying a firearm during and in relation to a drug trafficking offense and aiding and abetting thereof in violation of 18 U.S.C. §§ 924(c) and 2; and possession of false identification documents in violation of 18 U.S.C. § 1028. The United States District Court for the Eastern District of Michigan sentenced Huffman to 540 months of imprisonment. This court affirmed the convictions and

sentences on direct appeal. *United States v. Lloyd,* 10 F.3d 1197 (6th Cir.1993). Huffman filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court granted the motion in part and denied it in part, vacating Huffman's § 924(c) conviction in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In September 1997, the court resentenced Huffman to 292 months of imprisonment. This court denied Huffman a certificate of appealability in January 1998. *Huffman v. United States,* No. 97–2090 (Jan. 23, 1998) (unpublished order).

Huffman filed his § 2241 petition in June 2001. He claimed that his sentence was illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the court sentenced him under the provisions applying to crack cocaine as opposed to powder cocaine without a jury determination that he possessed and distributed crack. The magistrate judge recommended denying the petition. The district court adopted the magistrate judge's report and recommendation over Huffman's objections and denied the petition. The court held that Huffman was not entitled to relief under § 2241 because he did not show that his remedy under § 2255 was inadequate or ineffective. The court also denied Huffman's motion for reconsideration.

In his timely appeal, Huffman reasserts his district court claims.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Huffman's petition. As a

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

The district court properly held that Huffman could not bring his claim under § 2241 because he did not establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Although this is a new rule of constitutional law, the rule has not been made retroactive to cases on collateral review. *See In re Clemmons,* 259 F.3d 489, 491 (6th Cir. 2001). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain,* 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Thus, Huffman has not identified an intervening change in the law that establishes his actual innocence. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. Huffman's challenge to the legality of his sentence does not fit within the exception to § 2255 and cannot be brought under § 2241.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.