Francisco MARTINEZ–ESTRADA,
Petitioner–Appellant,

v.

George E. SNYDER, Warden,
Respondent–Appellee.

No. 01–6524.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2002.

Before RALPH B. GUY, JR. and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

### ORDER

Francisco Martinez–Estrada, a federal prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Martinez–Estrada of possession with intent to distrib-

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

ute marijuana, in violation of 21 U.S.C. §§ 841(a) and 846. The United States District Court for the Southern District of Florida sentenced Martinez–Estrada to 204 months in prison, based upon a finding that he was responsible for 26,000 pounds of marijuana. The Eleventh Circuit Court of Appeals affirmed the conviction and sentence in 1995. Martinez–Estrada filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255 in 1997. He filed his § 2241 petition in 2001, claiming that his sentence was invalid under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied the petition, holding that Martinez–Estrada had not shown that his remedy under § 2255 was inadequate or ineffective.

In his timely appeal, Martinez–Estrada reasserts his district court claims.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Upon review, we affirm the district court's decision for the reasons stated by the district court. A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Martinez–Estrada did not carry his burden. He claimed that his sentence was invalid under *Apprendi* because neither the indictment nor the jury instructions specified the amount of marijuana he possessed and his sentence exceeded the statutory maximum for his crime. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Although this is a new rule of constitutional law, the rule has not been made retroactive to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 491 (6th Cir.2001) (§ 2244). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Because the Supreme Court has not made the *Apprendi* rule retroactive, Martinez–Estrada's claims do not fit within the exception to § 2255 and cannot be brought under § 2241.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.