**Winston THOMAS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5201.

United States Court of Appeals, Sixth Circuit.

March 13, 2003.

Before MOORE and CLAY, Circuit

Judges; and LAWSON, District Judge.*

## ORDER

Winston Thomas, a federal prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Thomas entered a guilty plea to a charge of possession with intent to distribute greater than fifty grams of crack cocaine. He was sentenced to 324 months of imprisonment and five years of supervised release. Thomas was subsequently resentenced to 264 months of imprisonment based on substantial assistance. He filed an unsuccessful direct appeal and more than one motion to vacate sentence under 28 U.S.C. § 2255. In this petition, it was argued that Thomas was entitled to resentencing based on a defective indictment. Thomas argued that, because the indictment did not set forth the total amount of drugs for which he was eventually held responsible, his sentence was in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court sua sponte dismissed the petition.

On appeal, Thomas repeats his argument that his indictment was defective in failing to note the amount of drugs for which he was sentenced. He also argues that the indictment should have contained the criminal history which was relied on in sentencing.

Upon consideration, we conclude that this § 2241 petition was properly dismissed because Thomas did not demonstrate that his remedy under § 2255 was inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). Thomas did not identify an intervening change in the law that establishes his actual innocence. *Id.* at 757. Although *Apprendi,* relied on by Thomas, contains a new rule of constitutional law, the rule has not been made retroactive to cases on collateral review. *In re Clemmons,* 259 F.3d 489, 491 (6th Cir.2001).

Moreover, the new argument raised by Thomas on appeal that his criminal history was required to be set forth in his indictment has previously been rejected by this court. *United States v. Gatewood,* 230 F.3d 186, 192 (6th Cir.2000), *cert. denied,* 534 U.S. 1107, 122 S.Ct. 911, 151 L.Ed.2d 878 (2002).

For the above reasons, the dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.