**Howard Eugene MCCULLY, Jr.,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 02–2001.

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Howard Eugene McCully, Jr., a pro se federal prisoner, appeals a district court judgment that dismissed his petition for a writ of habeas corpus construed as filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, McCully, along with two co-defendants, was convicted of conspiracy to possess with intent to distribute marijuana. He was sentenced to 262 months imprisonment. His conviction and sentence were affirmed on appeal. *See United States v. Garcia*, 20 F.3d 670 (6th Cir. 1994). McCully's prior motion to vacate was dismissed as meritless. This court denied McCully's request to file a second or successive motion to vacate in an order filed September 28, 2001.

On April 29, 2002, McCully filed yet another § 2255 motion, claiming that the indictment failed to allege the amount of the controlled substance attributed to him as part of the drug conspiracy charge. The district court construed the motion as being brought under 28 U.S.C. § 2241, denied the relief requested, and dismissed the petition in an order filed June 5, 2002. This appeal followed.

Initially, we note that the respondent questions this court's jurisdiction. However, we are satisfied that jurisdiction is proper. *See* Fed. R.App. P. 4(a)(1)(B).

We review de novo a district court's order dismissing a habeas corpus petition.

*Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed McCully's petition. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. For example, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

McCully's claim constitutes a challenge to the legality of his sentence, and he did not establish that his remedy under § 2255 is inadequate or ineffective. *See Charles,* 180 F.3d at 756. His claim does not involve an intervening change in the law that establishes his actual innocence. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. While he does not cite *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it is clear that McCully is making an *Apprendi* argument. However, that decision does not help him. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Although the Supreme Court announced a new rule of constitutional law in *Apprendi,* the rule has not been made retroactive to cases on collateral review. *See In re Clemmons,* 259 F.3d 489, 491 (6th Cir.2001) (§ 2244).

McCully did not prove that he was entitled to proceed under 28 U.S.C. § 2241. Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.