NOT FOR FULL-TEXT PUBLICATION
File Name: 13a0355n.06

No. 12-3404

**FILED**

*Apr 10, 2013*

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re:  DON NELL HAWKINS, | ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Movant. | | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.    Don Nell Hawkins, a *pro se* federal prisoner, seeks this Court's authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate his sentence.

In 2007, Hawkins pleaded guilty to two counts of distributing cocaine base and one count of possession with the intent to distribute cocaine base.  He was sentenced to 240 months of imprisonment.  This Court affirmed his convictions and the United States Supreme Court denied certiorari.  In January 2009, Hawkins filed a § 2255 motion challenging his convictions on several grounds.  The district court denied the motion, and this Court denied Hawkins a certificate of appealability.

In 2010, Hawkins filed a request for this Court's authorization to file a second or successive § 2255 motion, arguing that his counsel provided ineffective assistance and that he was denied his rights under the Speedy Trial Act, 18 U.S.C. § 3161.  He alleged that his contentions were supported by *United States v. Benitez*, 34 F.3d 1489, 1494–95 (9th Cir. 1994), which he had just recently

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

discovered. We denied the motion for failure to meet the requirements for filing a successive § 2255 motion.

Hawkins then filed a motion to reopen his § 2255 motion, which the district court transferred to this Court as a second or successive § 2255 motion filed without this Court's authorization. Hawkins now moves this Court for authorization to file a second or successive § 2255 motion.

Before filing a second or successive motion to vacate in the district court, a federal prisoner must obtain permission from this Court as provided in 28 U.S.C. §§ 2244, 2255(h); *In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001). Permission will be granted only upon a prima facie showing that the motion contains a claim based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). Any claim that was presented in a prior § 2255 motion must be dismissed. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Hawkins proposes to argue that 1) his trial counsel was ineffective, and 2) his plea agreement was void because he entered into the agreement based on the government's alleged misrepresentation that the delay in his prosecution did not violate the Speedy Trial Act. He concedes that he already has raised the ineffective assistance of counsel claim, but he contends that he is entitled to relief because it is based on a "new equity rule" announced in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). He also contends that his claims were not second or successive and did not constitute an "abuse of the writ" because he did not learn of the government's misrepresentation of the law concerning his right to a speedy trial until 2010, when he learned of the *Benitez* case.

To the extent that Hawkins already raised his claims in his prior motion for authorization to file a second or successive § 2255 motion, they are dismissed. *See Charles*, 180 F.3d at 758. Furthermore, neither of Hawkins' claims meets the requirements of § 2255(h).

Hawkins's motion for authorization to file a second or successive § 2255 motion is denied. His motions to amend and supplement his pleadings are granted.