NOT FOR FULL-TEXT PUBLICATION
File Name: 13a0357n.06

No. 12-4401

FILED
*Apr 10, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: DON NELL HAWKINS, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| Movant. | ) ) | COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) ) |  |

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Don Nell Hawkins, a *pro se* federal prisoner, seeks this Court's authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate his sentence.

In 2007, Hawkins pleaded guilty to two counts of distributing cocaine base and one count of possession with the intent to distribute cocaine base. He was sentenced to 240 months of imprisonment. This Court affirmed his convictions and the United States Supreme Court denied certiorari.

In January 2009, Hawkins filed a § 2255 motion challenging his convictions on several grounds. The district court denied the motion, and this Court denied Hawkins a certificate of appealability.

In 2010, Hawkins filed a request for this Court's authorization to file a second or successive § 2255 motion, arguing that his counsel provided ineffective assistance and that he was denied his rights under the Speedy Trial Act, 18 U.S.C. § 3161. He alleged that his contentions were supported by *United States v. Benitez*, 34 F.3d 1489, 1494–95 (9th Cir. 1994), which he had just recently

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

discovered. We denied the motion for failure to meet the requirements for filing a successive § 2255 motion.

Hawkins then filed another § 2255 motion, which the district court transferred to this Court as a second or successive § 2255 motion filed without this Court's authorization. Hawkins now moves this Court for authorization to file a second or successive § 2255 motion. He also moves to amend this motion.

Before filing a second or successive motion to vacate in the district court, a federal prisoner must obtain permission from this Court as provided in 28 U.S.C. §§ 2244, 2255(h); *In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001). Permission will be granted only upon a prima facie showing that the motion contains a claim based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). Any claim that was presented in a prior § 2255 motion must be dismissed. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Hawkins proposes to argue that (1) his guilty plea is void because he pleaded guilty in reliance on the government's fraudulent misrepresentation that his state arrest date was irrelevant for Speedy Trial Act purposes; and (2) the government committed fraud upon the court when it misrepresented that his state arrest date was irrelevant for Speedy Trial Act purposes. He asserts that he discovered the government's fraudulent misrepresentation in July 2010 when he discovered *Benitez*. He also asserts that the latter claim is properly brought pursuant to Federal Rule of Civil Procedure 60(d)(3), and thus it is not subject to the rules governing second or successive § 2255 motions.

Because the alleged fraud by the government does not "relate[] solely to fraud perpetrated on the federal habeas court," Hawkins's claims were properly brought in a second or successive § 2255 motion, rather than under Rule 60(b). *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (emphasis omitted). Additionally, to the extent that Hawkins already raised his claims in his first motion for authorization to file a second or successive § 2255 motion, they are dismissed. *See Charles*, 180 F.3d at 758. Furthermore, Hawkins's claims do not meet the requirements of § 2255(h).

Hawkins's motion for authorization to file a second or successive § 2255 motion is denied. His motion to amend is granted.