7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Philip PINER, Defendant-Appellant.
 No. 93-1047.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 
 1
 John Philip Piner appeals the sentence imposed following his conviction for conspiracy to distribute cocaine. Piner's counsel has moved to withdraw and has filed a "no merit brief" pursuant to Rule 12, Rules of the Sixth Circuit, and Anders v. California, 386 U.S. 738 (1967). Piner requests the appointment of new counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Piner pleaded guilty to one count of conspiracy in violation of 21 U.S.C. § 846; additional counts against him were dismissed. He was sentenced to serve 292 months imprisonment and five years supervised release and to pay a $50.00 special assessment.
 
 
 3
 On appeal, Piner presents three grounds for relief. First, he asserts that the district court erred when it sentenced him on the basis of a finding that the cocaine involved was "crack." Second, Piner maintains that the district court erred when it enhanced his sentence based on his leadership role in the offense. Third, he contends that the district court erred when it enhanced his sentence on grounds that firearms were possessed by members of the conspiracy.
 
 
 4
 Upon review, we conclude that the appeal lacks merit. The first issue is not reviewable because Piner did not object at sentencing to the allegation that the conspiracy involved crack cocaine. See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). The failure to raise the issue in the district court results in a waiver of that issue on appeal. Id.
 
 
 5
 The second and third issues also lack merit. The plea agreement specifically provided for enhancements based on Piner's leadership role and the possession of firearms by members of the conspiracy. Piner was sentenced to 292 months, the lowest possible sentence for an offense level of forty, in strict accordance with the plea agreement. Piner does not challenge the validity of his plea or seek to set aside the agreement. He is not now entitled to complain that the resulting sentence was within the range for which he bargained. See United States v. Robison, 924 F.2d 612, 613-14 (6th Cir.1991).
 
 
 6
 Accordingly, the motion to withdraw is granted and the request for appointment of new counsel is denied. The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.