**John PINER, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–Appellee.**

No. 01–2175.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.*

*ORDER*

John Piner, a pro se federal prisoner, appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Piner is an inmate at the Federal Correctional Institution in Milan, Michigan. He alleges that, in 1992, he pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 1, 1992, the trial court assessed a fee of $50.00 and sentenced Piner to 292 months in prison and five years of supervised re-

lease. Piner's conviction and sentence were affirmed on appeal. *See United States v. Piner,* No. 93–1047, 1993 WL 384921, 7 F.3d 236 (6th Cir. September 29, 1993) (unpublished opinion).

Piner filed the instant petition for a writ of habeas corpus in the district court alleging that his guilty plea was unintelligent and that the resulting sentence was illegal because the trial court misinformed him of the elements of the offense. He further alleges that his sentence (both the term of incarceration and the term of supervised release) exceeded the maximum sentence permitted by statute. Piner's claims are based on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The district court dismissed the petition as meritless. Reconsideration was denied. Piner filed this appeal.

Upon de novo review, we conclude that the district court properly dismissed Piner's habeas petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Id.* at 755–56. The prisoner must prove that § 2255 is inadequate or ineffective. *Id.* at 756. However, the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

under § 2255 or permission to file a second or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Charles,* 180 F.3d at 756–57. Moreover, the Supreme Court recently held that only a decision by the Supreme Court itself concerning the retroactivity of a new rule of constitutional law can satisfy this requirement. *See Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). This court subsequently concluded that the Supreme Court has not made *Apprendi* applicable retroactively to cases on collateral review. *See In re Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001).

Therefore, Piner's claim based on *Apprendi* is not cognizable under § 2241.

In addition, Piner has not supported his claim of innocence with new reliable evidence that was not presented to the trial court. *See Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Finally, the facts in this case are unlike the "actual innocence" cases, which involved prisoners who found themselves innocent when the Supreme Court narrowly interpreted use of a firearm during a drug crime of crime of violence. *See United States v. Peterman,* 249 F.3d 458, 462 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001).

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.